**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TRAN PARTNERS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-02160** |
| | § | |
| **BURLINGTON INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant The Burlington Insurance Company  ("Burlington" or "Defendant") files its Notice of Removal of this action from the 261st Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, the district and division embracing where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support, Defendant shows this Court as follows:

1.      On August 26, 2025, Plaintiff Tran Partners LLC ("Plaintiff") filed an Original Petition (the "Complaint") in the 261st Judicial District Court of Travis County, Texas, styled *Tran Partners LLC v. Burlington Insurance Company* , where it was assigned Cause No. D-1-GN-25-007106 (the "State Court Action").

2.      Defendant was served with a citation and the Complaint on December 2, 2025. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served, even if the complaint is received at a prior date).

3.      Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 261st Judicial District Court of Travis County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4.      Attached as "Exhibit A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings, and orders filed or entered in the State Court Action.

5.      Defendant has filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with Federal Rule of Civil Procedure 7.1.

## GROUND FOR REMOVAL: DIVERSITY

6.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

### (a)      The amount in controversy exceeds the federal minimum jurisdictional requirements.

7.      Plaintiff alleges that Defendant wrongfully denied coverage for a property insurance claim arising from hail and windstorm damage to Plaintiff's property. In the Complaint, Plaintiff seeks actual damages, three times the amount of actual damages, damages for mental anguish, consequential damages, compensatory damages, exemplary and punitive damages, statutory interest, pre- and post-judgment interest, attorneys' fees, and costs of suit. *See* Ex. A-2 at ¶¶ 54-63 and Prayer.

8.      Plaintiff asserts claims against Defendant for breach of contract and violations of the Texas Insurance Code.  Under § 541.152 of the Texas Insurance Code, a plaintiff may recover

up to three times actual damages upon a finding that the defendant knowingly committed the complained of acts. Additionally, attorneys' fees are included in the amount in controversy when authorized by statute. *See H&D Tire & Auto Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert denied, 534 U.S. 894 (2001). Here, Plaintiff asserts claims that expressly permit the recovery of attorneys' fees.[1]

9.      The defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Watson v. Provident Life & Acc. Ins. Co.*, No. No. 3:08-CV-2065-G, 2009 WL 1437823, at *2 (N.D. Tex. May 22, 2009) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). On June 18, 2025, Plaintiff sent Defendant a pre-suit demand seeking damages and expenses in the amount of $213,099.05.[2] When considering Plaintiff's pre-suit demand letter, attorney's fees, and treble damages, there is no doubt Plaintiff seeks to recover damages in excess of the jurisdictional minimum. Because Plaintiff's claims exceed $75,000, exclusive of interest and costs, this Court has jurisdiction and removal is proper.

**(b)      Complete Diversity between Plaintiff and Defendant Exists.**

10.      For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Plaintiff is a Texas limited liability company, whose members are Tuc T. Thai and Chuong V. Tran, both of whom are individuals domiciled in the state of Texas. An individual is a citizen of the state of his or her domicile, which is the place of his or her true, fixed, and permanent home

---

[1] *See generally* Ex. A-2.

[2] *See* Ex. B.

and principal establishment, to which he or she has the intention of returning whenever absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff was at the time of the filing of this action, has been at all times since, and is still a citizen of Texas.

11.    Corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1). Burlington is incorporated in the state of Illinois with its principal place of business in Connecticut. Accordingly, Defendant was at the time of the filing of this action, has been at all times since, and is still a citizen of Illinois and Connecticut.

12.    Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 261st Judicial District Court of Travis County, Texas, be removed to this Court.

Respectfully submitted,

*/s/ Alissa Puckett*
ALISSA PUCKETT
Texas Bar No. 24056886
WM. LANCE LEWIS
Texas Bar No. 12314560
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER P.C.**
2200 Ross Ave., Suite 2400
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
apuckett@qslwm.com
llewis@qslwm.com

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

       This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via electronic mail in accordance with the Federal Rules of Civil Procedure, on this 30th day of December, 2025.

       David M. Buergler
       Shaun W. Hodge
       The Hodge Law Firm, PLLC
       1301 Market Street
       Galveston, Texas 77550
       dbuergler@hodgefirm.com
       shodge@hodgefirm.com

                                  */s/ Alissa Puckett*
                                  Alissa Puckett