# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TRAN PARTNERS LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **BURLINGTON INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

## INDEX OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | State Court Civil Docket Sheet |
| A-2 | 08/26/2025 | Plaintiff's Original Petition |
| A-3 | 11/14/2025 | Process Request Form |
| A-4 | 11/14/2025 | Citation |
| A-5 | 12/19/2025 | Defendant The Burlington Insurance Company's Original Answer |

# Exhibit A-1

**261st District Court**

# Case Summary

### Case No. D-1-GN-25-007106

| | | | |
|---|---|---|---|
| **TRAN PARTNERS LLC vs. THE BURLINGTON INSURANCE COMPANY** | § § § | Location: Judicial Officer: Filed on: | **261st District Court** **261ST, DISTRICT COURT** **08/26/2025** |

---

## Case Information

Case Type: Insurance

Case Status: **08/26/2025   Open**

---

## Assignment Information

**Current Case Assignment**
Case Number      D-1-GN-25-007106
Court            261st District Court
Date Assigned    08/26/2025
Judicial Officer 261ST, DISTRICT COURT

---

## Party Information

| Plaintiff | **TRAN PARTNERS LLC** | **Buergler, David Mainard** *Retained* |
|---|---|---|
| **Defendant** | **BURLINGTON INSURANCE COMPANY** THE BURLINGTON INSURANCE COMPANY | **PUCKETT, ALISSA KYLENE** *Retained* |

---

## Case Events

08/26/2025     EXPEDITED ORIG PET RULE 169 (OCA)
               *PLAINTIFF S ORIGINAL PETITION*
               Party:   Plaintiff TRAN PARTNERS LLC

11/14/2025    OTHER/NOTICE
      *PROCESS REQUEST FORM*

12/19/2025
ORIGINAL ANSWER/WAIVER
  *DEFENDANT THE BURLINGTON INSURANCE COMPANY'S ORIGINAL ANSWER*
  Party:   Defendant THE BURLINGTON INSURANCE COMPANY

---

## Service Events

---

08/28/2025    **Citation**
      THE BURLINGTON INSURANCE COMPANY
      Unserved

11/14/2025    **Citation**
      THE BURLINGTON INSURANCE COMPANY
      Unserved

# Exhibit A-2

8/26/2025 3:14 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-007106
Victoria Benavides

D-1-GN-25-007106

CAUSE NO. _____

| | | |
|---|---|---|
| **TRAN PARTNERS LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | 261ST, DISTRICT COURT |
| | § | |
| **v.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **BURLINGTON INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant* | § | **TRAVIS COUNTY, TEXAS** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tran Partners LLC (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Burlington Insurance Company ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2. Plaintiff, Tran Partners LLC is an individual domiciled in Travis County, Texas.

3. Defendant, Burlington Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent at **City Place II, 185 Asylum Street, 7th Floor, Hartford, CT 06103.**

---

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief of $250,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.    Venue is proper in Travis County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.    Plaintiff is the owner of Texas insurance policy 278B016317 (hereinafter the "Policy"), which was issued by Defendant.

8.    Plaintiff owns the insured property, which is specifically located at 10014 North Lamar Blvd., Austin, Texas 78261 (hereinafter the "Property").

9.    Defendant sold the Policy insuring the Property to Plaintiff.

10.    On or about September 24, 2023, a wind/hailstorm caused extensive damage to the insured Property.

11.    Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number 241224 to the claim.

12.    Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.   Defendant inspected the property and did not issue a payment to Plaintiff for the damages. Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

14.   Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

15.   As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

16.   To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to the Property.

17.   Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

18. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22.    Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably

clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.    Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

28.    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29.    Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

30.    The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

31.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

32.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

33.    The Defendant's breach proximately caused Plaintiff's injuries and damages.

34.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

35.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.   Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41.   Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

42.   The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

43.   Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

44.   Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45.   Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

46.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

48.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

49.     Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

50.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

51.     Plaintiff are "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

52.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a)      Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)      Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)      Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

---

d)      Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)      Violated the provisions of the Texas Insurance Code described herein.

53.    The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## DAMAGES

54.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

55.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56.    The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

57.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

58.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times actual damages.  TEX. INS. CODE §541.152.

59.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

60.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

61.    For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

62.  For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

63.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

64.  Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

65.  Plaintiff request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's First Amended Petition*.

## REQUEST FOR DISCLOSURE

66.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1)  Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)  Statutory benefits;

3)  Treble damages;

4)  Exemplary and punitive damages;

5)  Pre-judgment interest as provided by law;

6)  Post-judgment interest as provided by law;

7)  Attorneys' fees;

8)  Costs of suit;

9)  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: /s/ *David M. Buergler*
David M. Buergler
Texas Bar No. 24057783
dbuergler@hodgefirm.com
Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
**The Hodge Law Firm, PLLC**
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEYS FOR PLAINTIFFS**



## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Gabriel Bethscheider on behalf of David Buergler
Bar No. 24057783
gbethscheider@hodgefirm.com
Envelope ID: 104871551
Filing Code Description: EXPEDITED ORIG PET RULE 169 (OCA)
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 8/27/2025 3:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 8/26/2025 3:14:12 PM | SENT |
| Becky ABethscheider | | bbethscheider@hodgefirm.com | 8/26/2025 3:14:12 PM | SENT |
| David ABuergler | | dbuergler@hodgefirm.com | 8/26/2025 3:14:12 PM | SENT |

# Exhibit A-3



11/14/2025 10:03 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-007106
Rosa Oneal

**VELVA L. PRICE**

District Clerk, Travis County
Civil Division (512) 854-9457

## Process Request Form

**CASE NUMBER:** _____    **COUCOURT:** _____

**NAME(S) OF DOCUMENTS TO BE SERVED:** _____

_____

**FILE DATE:** _____
                Day/Month/Year

**SERVICE TO BE ISSUED ON:** (Please List Exactly As The Name Appears In The Pleading To Be Served- Additional Parties on page 2)

1.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:**

Citation        Citation by Posting        Citations Rule 106 Service        Hague Convention Citation

Secretary of State/ Highway Commission/Commissioner of Insurance Citation

Citation by Publication: Newspaper_____

Show Cause        Notice        Temporary Restraining Order        Temporary Protective Order

Capias        Attachment        Habeas Corpus

Subpoena        Garnishment        Injunction        Sequestration        Abstract        Execution

Other (Please Describe) _____

**SERVICE BY** (check one)**:**

   **ATTORNEY/REQUESTER:** (Email) _____

   **PROCESS SERVER:** (Email) _____

   **PICK UP:** (Person/Agency Name and Phone Number) _____

   **TRAVIS COUNTY CONSTABLE:** Please select PCT if you have a preference    1    2    3    4    5

   **CERTIFIED MAIL**

   **OTHER,** *explain***:** _____

**Requested by:**

   **Name:** _____

   **Mailing Address:** _____

   **City, state, Zip:** _____

   **Phone Number:** _____

   **E-mail Address:** _____

   **Notes/Comments to the clerk:** _____

_____

Copy from re:SearchTX

## Civil Process Request Form - Additional Parties

**SERVICE TO BE ISSUED ON:** (Please List Exactly As The Name Appears In The Pleading To Be Served)

2.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

3.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

4.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

5.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

6.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

7.  **Issue Service to:** _____

    **Address of Service:** _____

    **City, State & Zip:** _____

    **Agent:** (if applicable) _____

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gabriel Bethscheider on behalf of David Buergler
Bar No. 24057783
gbethscheider@hodgefirm.com
Envelope ID: 108052172
Filing Code Description: Request
Filing Description: PROCESS REQUEST FORM
Status as of 11/14/2025 10:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 11/14/2025 10:03:26 AM | SENT |
| Becky ABethscheider | | bbethscheider@hodgefirm.com | 11/14/2025 10:03:26 AM | SENT |
| David ABuergler | | dbuergler@hodgefirm.com | 11/14/2025 10:03:26 AM | SENT |

Copy from re:SearchTX

# Exhibit A-4

*K.W.*
*12/2/25*
*11:01 am*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-25-007106**

TRAN PARTNERS LLC

    vs.                                                                                   , PLAINTIFF(S)

BURLINGTON INSURANCE  COMPANY

                                                             , DEFENDANT(S)

TO:    **BURLINGTON INSURANCE  COMPANY**
       **BY SERVING ITS REGISTERED AGENT CITY PLACE II**
       **185 ASYLUM STREET, 7TH FLOOR**
       **HARTFORD CT  06103**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **AUGUST 26, 2025** in the **261ST DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **NOVEMBER 14, 2025**

REQUESTED BY:
**DAVID MAINARD BUERGLER**
**1301 MARKET STREET**
**GALVESTON, TX  77550**



**Velva L Price**
**Travis County District Clerk**
**Civil Family Court Facility (CFCF)**
**1700 Guadalupe Street, P.O. Box 679003 (78767)**
**Austin TX 78701**

**Rosa Oneal, Deputy**

R E T U R N

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named _____, each in person, a true copy of this citation together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS
**D-1-GN-25-007106**

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

**SERVICE FEE NOT PAID**

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

# Exhibit A-5

12/19/2025 10:16 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-007106
Susan Schmidt

## CAUSE NO. D-1-GN-25-007106

| | | |
|---|---|---|
| **TRAN PARTNERS LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **261ST JUDICIAL DISTRICT** |
| **THE BURLINGTON INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **TRAVIS COUNTY, TEXAS** |

### DEFENDANT THE BURLINGTON INSURANCE COMPANY'S
### ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Burlington Insurance Company ("TBIC" or "Defendant"), hereby files its Original Answer thereto:

### I.
### GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II.
### ADDITIONAL DEFENSES

TBIC pleads the following matters in defense, should the same be necessary:

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met.

2.      Coverage is precluded in whole or in part to the extent that Plaintiff asserts claims for property damage that occurred outside the policy period.

3.      For property to which replacement cost value coverage applies, coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property that has not been repaired or replaced.

4.    For roof systems to which the Replacement Cost Exception – Roofs Endorsement applies, coverage is limited to the Actual Cash Value for any loss or damage to the roof, including the decking and membrane.

5.    Coverage is precluded to the extent that the loss was not caused by a "Covered Cause of Loss."

6.    Some or all of Plaintiff's claims may be barred in whole or in part by the Duties In The Event Of Loss Or Damage provisions, including but not limited to the failure to do the following: give TBIC prompt notice of the loss or damage including a description of the property involved; give a description of how, when and where the loss or damage occurred as soon as possible; take all reasonable steps to protect the Covered Property from further damage; keep a record of expenses necessary to protect the Covered Property; permit TBIC to take samples of the damaged and undamaged property for inspection, testing and analysis; and cooperate with TBIC in the investigation or settlement of the claim.

7.    Plaintiff's claims are subject to and may be limited in part by any Coinsurance condition that applies.

8.    Coverage is precluded to the extent Plaintiff seeks reimbursement for Covered Property for more than the "least" of the following amounts: "(1) The Limit of Insurance applicable to the lost or damaged property; (2) The cost to replace the lost or damaged property with other property; (a) Of comparable material and quality; and (b) Used for the same purpose; or (3) The amount actually spent that is necessary to repair or replace the lost or damaged property."

9.    Plaintiff's claims may be barred in whole or in part by the Ordinance or Law exclusion.

10.    Plaintiff's claims may be barred in whole or in part by the "Fungus", Wet Rot, Dry Rot And Bacteria exclusion.

11.    Plaintiff's claims may be barred in whole or in part to the extent Plaintiff seeks damages for loss caused by "(1) Wear and tear, (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; … (4) Settling, cracking, shrinking or expansion; (5) Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals."

12.    Plaintiff's claims may be precluded in whole or in part by the exclusion for "[c]ontinuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more."

13.    Plaintiff's claims may be precluded in whole or in part by the exclusion for the "[n]eglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

14.    Plaintiff's claims may be precluded in whole or in part by the exclusion for faulty, inadequate or defective: "(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises."

15.    Coverage is precluded to the extent Plaintiff seeks damages to the "interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters . . ."

16.    Coverage may be precluded in whole or in part by the Limitations on Coverage for Roof Surfacing Endorsement.

17.    Defendant is entitled to a credit or offset for all amounts previously paid by Defendant, as well as for all amounts paid by any other insurer.

18.    Plaintiff has failed to mitigate its damages.

19.    Plaintiff has failed to state a claim.

20.    Plaintiff's claims are subject to the deductibles of the insurance policy at issue, including but not limited to the Windstorm or Hail Deductible, as well as the limits and sub-limits therein as well as any co-insurance penalty that may apply.

21.    All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which TBIC had no control, including but not limited to contractors retained by Plaintiff.

22.    Plaintiff's claim for statutory interest is subject to chapter 542A of the Texas Insurance Code.

23.    Plaintiff's claim for attorney's fees may be limited or extinguished by §542A.007 of the Texas Insurance Code.

24.    Plaintiff's punitive and exemplary damages are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant The Burlington Insurance Company prays that Plaintiff takes nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,

*/s/ Alissa Puckett*
ALISSA PUCKETT
Texas Bar No. 24056886
WM. LANCE LEWIS
Texas Bar No. 12314560
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
(214) 871-2100 (Office)
(214) 871-2111 (Fax)
apuckett@qslwm.com
llewis@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to counsel of record, via electronic mail, in accordance with the Texas Rules of Civil Procedure on this 19th day of December 2025.

David M. Buergler
Shaun W. Hodge
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550

*/s/ Alissa Puckett*
Alissa Puckett

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alisa Perkins on behalf of Alissa Puckett
Bar No. 24056886
aperkins@qslwm.com
Envelope ID: 109298655
Filing Code Description: Answer/Response
Filing Description: DEFENDANT THE BURLINGTON INSURANCE
COMPANY'S ORIGINAL ANSWER
Status as of 12/19/2025 2:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 12/19/2025 10:16:10 AM | SENT |
| Becky ABethscheider | | bbethscheider@hodgefirm.com | 12/19/2025 10:16:10 AM | SENT |
| David ABuergler | | dbuergler@hodgefirm.com | 12/19/2025 10:16:10 AM | SENT |
| Alissa Puckett | | apuckett@qslwm.com | 12/19/2025 10:16:10 AM | SENT |
| Wm. LanceLewis | | llewis@qslwm.com | 12/19/2025 10:16:10 AM | SENT |